1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Brian J. Lawler SBN 221488
**PILOT LAW, P.C.**
4632 Mt. Gaywas Drive
San Diego, California 92117
Telephone: (619) 255-2398
*blawler@pilotlawcorp.com*

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CARLOS GONZALEZ, an individual,

Plaintiff,

v.

REBORN CABINETS, LLC, a
California Limited Liability Company,

Defendant.

Case No.:

**COMPLAINT FOR DAMAGES**

**VIOLATIONS OF 38 U.S.C. §4301 *ET SEQ*;**

**(2) VIOLATIONS OF CALIFORNIA MILITARY AND VETERANS CODE §394**

**FILING FEE WAIVED PER 38 U.S.C. § 4323(h)**

DEMAND FOR JURY TRIAL

Plaintiff CARLOS GONZALEZ hereby complains against Defendant REBORN CABINETS, LLC, as follows:

### NATURE OF ACTION

1.    This is a civil action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 *et. seq*. ("USERRA"), and the California Military and Veterans Code ("MVC") § 394. It is brought by Plaintiff Carlos Gonzalez ("Mr. Gonzalez") by Defendant Reborn Cabinets, LLC. ("Reborn"), a California limited liability company.

- 1 -

**PARTIES**

2. Plaintiff is a citizen of the United States and a resident of California.

3. At all relevant times, Plaintiff was qualified member of the uniformed services for purposes of 38 U.S.C. §4303(3), (9), and (16), serving as a member of the United States Marine Corps Reserve ("USMCR").

4. Plaintiff is informed, believes, and thereon alleges that Reborn is a California limited liability company with its principal place of business at 5515 E. La Palma Avenue, Suite 250 Anaheim, CA 92807. Reborn's registered agent for service as listed by the CA Secretary of State is Registered Agent Solutions, Inc. 720 14th Street, Sacramento, CA 95814. At all times relevant, Reborn was an employer for purposes of 38 U.S.C. § 4303(4)(A) and § 4323(i).

5. Whenever and wherever reference is made to individuals who are not named as defendants in this action, but were employees/agents of defendants, or any of them herein, such individuals at all times acted on behalf of defendants named in this action within the scope of their respective employments and agencies.

6. Whenever and wherever reference is made in this Complaint to any conduct of defendants, or any of them, such allegations or references shall also be deemed to mean the conduct of each defendant, acting individually, jointly and severally.

7. Plaintiff is informed and believes, and because of that information and belief allege, that at all times mentioned in this complaint, defendant was the agent and employees of their codefendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

**JURISDICTION AND VENUE**

8. Count I of this complaint arises under USERRA. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, as conferred by 38

- 2 -

U.S.C. §4323(b)(3). Venue is proper because Reborn maintains a place of business in the judicial district, as provided in 38 U.S.C. §4323(c)(2), and 28 U.S.C. §1391(b).

9.    Count II of this complaint arises under California MVC § 394. The jurisdiction of this court as to this Count is conferred by 28 U.S.C. §1367(a).

10.    Pursuant to 38 U.S.C. § 4323(h), "No fees or court costs may be charged or taxed against any person claiming rights under [USERRA]."

## GENERAL FACTUAL ALLEGATIONS

11.    Plaintiff re-alleges and incorporates herein by reference each and every allegation contained within paragraphs 1 through 10, inclusive, as though set forth at length herein and made a part hereof.

12.    On October 9, 2022, Plaintiff applied for a position with Reborn as a Plumbing Apprentice. Upon information and belief, the position paid approximately $16-20 per hour, and was a full-time position.

13.    On October 11, 2022, Reborn's Junior Recruiter, Mr. Ivan Ixba, reached out to Plaintiff to conduct an interview. During the interview, Mr. Ixba stated that the position may require work on some Saturdays. Plaintiff advised Mr. Ixba he was a member of the USMCR and would be required to have certain weekends off to perform his military service obligations.

14.    On October 12, 2022, Plaintiff emailed Mr. Ixba requesting an update on the status of his application.

15.    On October 13, 2022, Mr. Ixba responded to Mr. Gonzalez's email and stated "…unfortunately we aren't able to accommodate your schedule at this time." Accordingly, Mr. Gonzalez was not offered the Plumbing Apprentice position with Reborn due to his military service obligation.

16.    Subsequently, on December 6, 2022, Mr. Gonzalez received an email from Reborn's Talent Acquisition Specialist, Mr. Ricky Flores, advertising a virtual career fair on Zoom for the open employment positions with Defendant beginning at

COMPLAINT FOR DAMAGES
Case No.:

10:00 a.m., local time. Mr. Gonzalez joined the Zoom meeting and observed a video prepared by Reborn, wherein its employees described employment opportunities with Reborn, and then gave specific points of contact for potential applicants to reach out to for further information on specific positions. Reborn advertised several positions that did not require previous training because Defendant would provide the training needed for the applicant to perform the requirements of the position. Plaintiff took interest in the Bathroom Installation position Reborn advertised and reached out to Defendant's employee, Ms. Rebeca Prado.

17.     On December 6, 2022, shortly after the Zoom career fair, Mr. Gonzalez telephoned Ms. Prado. During the conversation, Ms. Prado noted that Reborn had notes indicating they were unable to accommodate Mr. Gonzalez's schedule due to his military service obligation for the Plumbing Apprentice position he applied for in October.

18.     Mr. Gonzalez emailed Ms. Prado on December 6, 2022 with his anticipated military training dates for January through June of 2023. Ms. Prado did not respond to Mr. Gonzalez's email.

19.     Mr. Gonzalez again emailed Ms. Prado on December 8, 2022, asking for a follow up on whether his "military training dates are going to be okay…" but received no response from Ms. Prado.

20.     Plaintiff Gonzalez was not offered the Bathroom Installation position with Defendant Reborn.

## FIRST CAUSE OF ACTION

### Violations of 38 U.S.C. §4301 *et seq.*

21.     Plaintiff hereby alleges and incorporates all paragraphs 1-20 above by reference herein.

22.     USERRA prohibits "discrimination against persons because of their service in the uniformed services." 38 U.S.C. §4301(a)(3).

COMPLAINT FOR DAMAGES
Case No.:

23.    Plaintiff's protected status as a member of the USMCR was a substantial or motivating factor in Defendant's denial of Plaintiff's benefits of employment without good cause, including, but not limited to, failing to hire Plaintiff because of his military service obligations.

24.    Section 4311 of USERRA provides, in relevant part, that a person "who is a member of…performs, has performed…or has an obligation to perform service in a uniformed service shall not be *denied initial employment*… or *any benefit of employment* by an employer on the basis of that membership…performance of service, or obligation." (italics added).

25.    Section 4311 (c) provides in relevant part, that "[a]n employer shall be considered to have engaged in actions prohibited… if the person's membership… or obligation for service in the uniformed services is a motivating factor in the employer's action."

26.    Defendant knowingly and willfully violated USERRA by, among other ways, discriminating against Plaintiff, and by denying him initial employment "on the basis of" his "obligation to perform service in a uniformed service" for two separate positions of employment.

27.    As a direct and proximate result of the conduct of Defendant as set forth in this count, Plaintiff has suffered injuries and damages including but not limited to, loss of past earnings and benefits, and loss of future earnings and benefits, all to his damage in an amount to be proven at trial.

28.    Plaintiff alleges such violations of USERRA were willful and requests liquidated damages in an amount equal to the amount of his lost wages and other benefits pursuant to 38 U.S.C. §4323(d)(1)(C).

29.    Pursuant to 38 U.S.C. §4323(h), Plaintiff further requests an award of reasonable attorney's fees, expert witness fees, and other litigation expenses.

///

COMPLAINT FOR DAMAGES
Case No.:

## SECOND CAUSE OF ACTION

### Violations of California Military and Veterans Code §394

30.    Plaintiff hereby alleges and incorporates all paragraphs 1-29 above by reference herein.

31.    Plaintiff brings this claim under California state law with federal court jurisdiction being conferred by 28 U.S.C. §1367(a).

32.    California Military & Veterans Code §394 provides that no person shall discriminate against any member of the military or naval forces of the United States because of that membership. Section 394 also provides "no member of the military forces shall be prejudiced or injured by any… employer... or denied or disqualified for employment by virtue of membership or service in the military forces of this state or of the United States."

33.    Defendant's motive for failing to employ Plaintiff was his participation in the USMCR.

34.    As a direct and proximate result of the conduct of Defendant, as set forth in this count, Plaintiff has suffered injuries and damages including but not limited to, loss of past and future earnings, loss of past and future benefits, all to his damage in an amount to be proved at trial.

35.    As a further direct result of the conduct of Defendant, as set forth in this Count, Plaintiff suffered emotional distress including but not limited to, depression, frustration, anger, loss of self-worth, and humiliation, all to this damage in an amount to be proven at trial.

36.    Pursuant to MVC §394(g), Plaintiff requests an award of attorneys' fees against Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Plaintiff prays for relief against Defendant as follows:

COMPLAINT FOR DAMAGES
Case No.:

1        1.      Declare that the acts and practices complained of herein are unlawful and

2  are in violation of USERRA, 38 U.S.C. § 4301, *et seq*. and the MVC § 394;

3        2.      Require that Defendant fully comply with the provisions of USERRA and

4  MVC by providing Plaintiff all employment benefits denied to him as a result of the

5  unlawful acts and practices under USERRA and MVC described herein;

6        3.      Fees and expenses, including attorneys' fees and costs pursuant to 38

7  U.S.C. §4323(h) and California Military and Veterans Code §394(g);

8        4.      Award Plaintiff prejudgment interest on the amount of lost wages or

9  employment benefits found due;

10       5.      Order that Defendant pay liquidated damages in an amount equal to the

11  amount of lost compensation and other benefits suffered by reason of Defendant's

12  willful violations of USERRA;

13       6.      Grant an award for costs of suit incurred; and,

14       7.      Grant such other and further relief as may be just, and proper and which

15  Plaintiff may be entitled to under all applicable laws.

16

17                            Respectfully Submitted,

18  Dated:  January 24, 2023      PILOT LAW, P.C.

19

20                          By:  /s/ *Brian J. Lawler*

21                          BRIAN J. LAWLER
                             Attorney for Plaintiff

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby

3

demands a trial by jury of all issues triable as of right by a jury in the above action.

4

5
Respectfully Submitted,

6
Dated:  January 24, 2023                    PILOT LAW, P.C.

7
By: /s/ *Brian J. Lawler*

8
BRIAN J. LAWLER
Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES
Case No.: